### Barrett v. Barrett.

(Decided October 14, 1924.)

#### Appeal from Campbell Circuit Court.

Divorce—Chancellor Held Not to have Erred in Dismissing Petition for Divorce on Ground of Adultery.—In action by husband for divorce for adultery, wherein defendant claimed plaintiff was a drunkard, idle, and dissolute, held under evidence, that chancellor did not err in dismissing petition and requiring plaintiff to pay all costs, including attorney's fee.

L. J. CRAWFORD for appellant.

BRENT SPENCE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant, George Johnson Barrett, and appellee, Margaret Barrett, became husband and wife many years ago. To them were born several children, the oldest, a daughter, being now about eighteen years of age. At the time of the commencement of this action they resided in Newport. The house was one devised by his mother to appellant's brother for the use and benefit of appellant. It had about fifteen rooms, and was divided into two apartments. One apartment was rented to Mr. and Mrs. Baker. Baker was employed at the roller mills. One room in the house was rented by Mrs. Barrett to one Tom Burke, who also boarded with her. The appellant was frequently away from home for long periods. He went to California and Mexico and other places apparently upon business. After being away for several weeks he returned home and commenced this action, alleging that for some time prior to February 1, 1922, his wife and Tom Burke lived in adultery with each other at a house at Ft. Thomas in Campbell county, Kentucky; and further, that during the absence of plaintiff from home the wife and Burke "at said house committed adultery with each other and during the absence of said plaintiff from said house and thereafter said defendant (wife) was guilty of such lewd and lascivious behavior on her part that proved her to be unchaste." The averments of the petition were denied by Mrs. Barrett. She also pleaded that her husband was a confirmed drunkard and dope addict, who did not support either her or the children or make any effort to do so, but she did not pray for divorce. A reply made up the issues.

Appellant called both Mr. and Mrs. Baker, who resided in the house, as witnesses and proved by them that they had been about the house almost constantly for some weeks next before the commencement of the action and that they had observed that appellee, Mrs. Barrett, and Mr. Burke, the roomer, were constantly together; that he helped her in the kitchen and about the house; that they frequently heard her calling him "sweetheart" and other endearing names; that she spoke of her husband as her boarder and said, "My husband is my boarder and my boarder is my husband;" that on more than one occasion they had seen him come out of her room very early in the morning, carrying an alarm clock; that on one occasion, at nighttime, about two or three o'clock

in the morning, they thought they heard a burglar trying to break into the house and that the witnesses had no gun or other weapon, and they got up, went across the hall and rapped on Burke's door to borrow his pistol, and when they did so Burke came to the door wearing only his pajamas, and after a brief conversation Mrs. Barrett came to the door wearing only a very thin garment; that she had on neither shoes nor stockings.

For Mrs. Barrett a number of witnesses testified, including her daughters. One of them was eighteen and the other fourteen years of age. They both said that they had been about the house most of the time and that Mr. Burke was there part of the time and that they had seen nothing wrong between Burke and their mother; that he acted like a "perfect gentleman;" that they never saw him in their mother's room nor she in his room. They testified further that they never heard their mother calling him endearing names, or speak to him in any way except on matters of business; that they and their mother slept in the same part of the house with all the intersecting doors open, and that Burke slept in a different part of the house. It was also shown in evidence that the Bakers, who lived in the other apartment, and the Barretts had a disagreement and the Bakers moved away; that one of the daughters of Mrs. Barrett charged Baker with assaulting her and that Baker was arrested upon this charge and carried before a magistrate who fined him fifty ($50.00) dollars. It seems, however, that just the day before or about that time the Bakers had caused warrants to be issued against both Mrs. Barrett and Mr. Burke for moonshining or dabbling in whiskey on the premises, and it is intimated that it may have been in retaliation of this that the warrants were sworn out against Mr. Baker. At any rate both Burke and Mrs. Barrett pleaded guilty in the federal court to violating the prohibition laws and were fined. There were some other witnesses called by Mrs. Barrett to prove her good character, and they stated in substance that they had been around and about her house more or less and that they had never known her guilty of any conduct unbecoming of a lady.

After considering this evidence the chancellor, in his wisdom, reached the conclusion that the plaintiff had not shown himself entitled to a divorce and dismissed the cause, adjudging the cost against the husband and directing that he pay a fee of $100.00 to the attorney for the de-

fendant. It is of this judgment he complains upon this appeal.

The record disclosed a very bad situation at the Barrett home. After reading the record one is prepared to believe almost anything about either plaintiff or defendant. Conditions at their home were appalling. They scarcely spoke to each other and when they did it was to disagree and quarrel. Neither did they live together as man and wife. In fact, the husband was at home very little, there being an intimation in the record that he felt Burke had superseded him.

There is much evidence to the effect that appellant was a drunkard, an idle, dissolute man, very abusive to his family and that he gave them no support or help. We are not prepared to say, after a careful study of the record, that the chancellor erred in dismissing appellant's petition and requiring him to pay all costs, including the attorney fee, for which reason the judgment is affirmed.

Judgment affirmed.